UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<span style="font-variant:small-caps">awrence</span> N<span style="font-variant:small-caps">orcross</span>,

      Plaintiff,                                  Hon. Paul L. Maloney

v.                                                        Case No. 1:19-cv-1053

C<span style="font-variant:small-caps">ommissioner of</span> S<span style="font-variant:small-caps">ocial</span>
S<span style="font-variant:small-caps">ecurity</span>,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was sixty years of age on his alleged disability onset date. (ECF No. 8-8, PageID.350). He successfully completed high school and worked previously as an injection molding machine tender, production machine tender, and industrial truck operator. (ECF No. 8-4, PageID.165, 183-87). Plaintiff applied for benefits on December 4, 2017, alleging that he had been disabled since November 13, 2017, due to low back pain and injury, bilateral shoulder injury, depression, alcohol dependence (in remission), bilateral carpal tunnel disorder, heart impairment, chronic obstructive pulmonary disease (COPD), and emphysema. (ECF No. 8-4, 8-8, 8-9, PageID.143, 350-54, 381).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 8-6, 8-7, PageID.262-348). Following an administrative hearing, ALJ Paul W. Jones, in an opinion dated March 25, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 8-4, PageID.143-53, 157-201). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (ECF No. 8-2, PageID.21-27). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) lumbar degenerative disc disease; (2) bilateral shoulder degenerative joint disease; (3) coronary artery disease status/post stents; (4) high blood pressure; and (5) tobacco abuse, severe impairments that whether considered alone or in combination with other

impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 8-4, PageID.145-47).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can only occasionally push/pull with his upper extremities; (2) he can only occasionally stoop, crouch, reach overhead, or climb ramps/stairs; (3) he can never climb ladders, ropes, or scaffolds; (4) he can frequently balance, kneel, and crawl; (5) he cannot be exposed to dangerous moving machinery or unprotected heights; and (6) he can frequently be exposed to humidity, vibration, and extremes of cold or heat.  (ECF No. 8-4, PageID.147).  Based on the testimony of a vocation expert, the ALJ concluded that Plaintiff could perform his past relevant work as an injection molding machine tender.  Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.     Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations."  *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an

equivalent work schedule"). While the ALJ found that Plaintiff can perform a limited range of light work, the ALJ did not include in his RFC finding any non-exertional limitations. Plaintiff argues that the ALJ erred by articulating an RFC that did not recognize the limitations he experiences as a result of his mental impairments.

In support of this argument, Plaintiff cites to a January 15, 2019, assessment by Psychiatrist Preeti Kalani, M.D. (ECF No. 8-13, PageID.757-59). On this date, Dr. Kalani completed a Mental Residual Functional Capacity Form regarding Plaintiff's ability to perform "unskilled work." The doctor assessed Plaintiff's abilities in sixteen different categories and concluded that Plaintiff was "seriously limited" in ten categories and "unable to meet competitive standards" in four categories. In two categories, the doctor indicated that Plaintiff was both "seriously limited" and "unable to meet competitive standards." Dr. Kalani also reported that Plaintiff experienced "marked" limitations in the following areas: (1) understand, remember or apply information; (2) interact with others; (3) difficulties in maintaining concentration, persistence or pace; and (4) adapt or manage oneself.

Dr. Kalani's opinion, however, enjoys no support in the medical record. It must first be noted that, in May 2016, Dr. Kalani completed a similar report and made findings entirely consistent with the ALJ's conclusion that Plaintiff did not suffer from a severe mental impairment or any emotionally-based limitations. (ECF No. 8-13, PageID.752-54). The medical record, however, neither indicates a subsequent deterioration in Plaintiff's mental functioning ability nor supports the

extreme opinions Dr. Kalani articulated in January 2019. Instead, the evidence supports the ALJ's conclusion that Plaintiff does not experience a severe mental impairment.

Dr. Kalani's treatment notes fail to support her extreme opinions and instead reveal that Plaintiff's symptoms are well-controlled with medication. (ECF No. 8-11, 8-14, 8-15, PageID.487, 511, 766, 772, 784-85, 821, 854). Plaintiff reported that his strengths included: (1) a "good aptitude to learn"; (2) customer service; and (3) an ability "to read people." (ECF No. 8-14, PageID.847-48). Plaintiff also reported that he was "easy to get along with." (*Id.*, PageID.848). Plaintiff's son reported that Plaintiff handles stress "very well" and does not experience any difficulty paying attention. (ECF No. 8-9, PageID.393-94). Treatment notes indicate that Plaintiff does not experience difficulties with memory, insight, or judgment. (ECF No. 8-11, 8-14, 8-15, PageID.488, 766, 772, 785, 822, 854).

Plaintiff's activities also undercut Dr. Kalani's opinions. In 2018, Plaintiff reported that he was employed. (ECF No. 8-14, PageID.808, 821). Plaintiff reported that he was only working part-time, however, "to maintain his disability" and that otherwise he would "pursue full time employment." (*Id.*, PageID.808, 842). Plaintiff also played golf, engaged in photography, and rode his bicycle as much as two miles daily. (ECF No. 8-9, 8-11, 8-14, PageID.392, 487, 511, 772, 798, 821).

In sum, the ALJ's conclusion that Plaintiff does not experience any non-exertional impairments is supported by substantial evidence. Accordingly, this argument is rejected. With respect to Plaintiff's related argument that the ALJ erred by affording little weight to Dr. Kalani's opinion, the Court reaches the same conclusion.

Because Plaintiff filed his current application after March 27, 2017, the treating physician doctrine does not apply. *See, e.g., Jones v. Berryhill*, 392 F.Supp.3d 831, 839 (M.D. Tenn. 2019). Instead, the ALJ's assessment of Dr. Kalani's opinion is governed by 20 C.F.R. § 416.920c, which provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even those from treating sources. *See, e.g., Jones*, 392 F.Supp.3d at 839. Instead, the ALJ must assess a medical opinion pursuant to the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. Of these factors, supportability and consistency are the most important. *Ibid.* As previously discussed, Dr. Kalani's opinions were inconsistent and not supported by the record. Thus, the ALJ's evaluation of the doctor's opinions is supported by substantial evidence. Accordingly, this argument is likewise rejected.

## II.     Vocational Expert's Testimony

Plaintiff next argues that he is entitled to relief because the ALJ's decision that he can perform his past relevant work as an injection molding machine tender is unsupported by substantial evidence.   The Court agrees.

When questioning the vocational expert, the ALJ instructed him to assume an individual who, among other things, "can do light work as it's defined by the regulations."   (ECF No. 8-4, PageID.187).   The Social Security regulations define light work as requiring "a good deal of walking or standing."   20 C.F.R. § 416.967(b). The regulations also incorporate the definitions contained in the Dictionary of Occupational Titles (DOT).   20 C.F.R. § 416.967.   The DOT defines light work as requiring "walking or standing to a significant degree."   *See* Dictionary of Occupational Titles, Appendix C, § IV Physical Demands, available at https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOTAPPC (last visited on August 24, 2020).   Notably, neither definition contemplates standing/walking for an entire 8-hour work shift.

In response to the ALJ's question, the vocational expert testified that this hypothetical person would still be able to perform Plaintiff's past relevant work as an injection molding machine tender.   (ECF No. 8-4, PageID.187-88).   When questioned by Plaintiff's counsel, however, the vocational expert clarified that there was "no sitting at all" when performing the job of injection molding machine tender. (*Id.*, PageID.189).   In response to a follow-up question from Plaintiff's counsel, the

vocational expert reiterated that a person could perform the job of injection molding machine tender only if they could stand "for the duration of the work period." (*Id.*).

The shortcoming in the ALJ's analysis is apparent. The hypothetical question the ALJ posed to the vocational expert assumed that Plaintiff could stand/walk for most, but certainly not all, of the workday. While the vocational expert initially indicated that Plaintiff would be able to perform his past relevant work, he subsequently corrected his testimony to clarify that Plaintiff would be able to perform his previous work only if he were able to stand for the entire workday.

In response to further questioning from the ALJ, the vocational expert indicated that light work could entail standing for an entire 8-hour work shift. (ECF No. 8-4, PageID.190). The ALJ, however, never corrected or modified his hypothetical question to the vocational expert to assume that Plaintiff could stand/walk for the entire workday. Instead, the ALJ reiterated that his RFC assessment, and by extension his hypothetical to the vocational expert, referenced "light work as it's defined." (*Id.*, PageID.191). Light work, however, is not defined as standing/walking the entire workday, which the vocational expert testified is a prerequisite to performing Plaintiff's past relevant work as an injection molding machine tender. Because the vocational expert never testified that a person with Plaintiff's RFC could perform any of Plaintiff's past relevant work, the ALJ's determination that Plaintiff was not disabled because he could perform his past relevant work is not supported by substantial evidence.

### III. Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 28, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge